IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE BARVINCHAK,<br>on behalf of herself and all others similarly situated, | CLASS ACTION<br><br>NO. |
| Plaintiffs, | **Electronically Filed** |
| v. | |
| INDIANA REGIONAL MEDICAL CENTER, | |
| Defendant. | |

## COMPLAINT

AND NOW, comes the Plaintiff Michele Barvinchak, and all others similarly situated, by and through her counsel, John R. Linkosky, Esquire and John Linkosky and Assoc., and files this Complaint and aver as follows:

### NATURE OF THE ACTION

1. Plaintiff was employed by Defendant Indiana Regional Medical Center ("Medical Center" or "Defendant") as a Telephone Operator. Defendant was and is in the business of providing hospitalization and medical services to the community.

2. Throughout Plaintiff's employment with Defendant, Defendant did not pay Plaintiff or other similarly situated employees subject to the same policies, applicable minimum wages or overtime compensation as required under Federal and Pennsylvania statutory law.

3. Accordingly, Plaintiff and other similarly situated employees subject to the same policies herein assert claims under the Fair Labor Standards Act ("FLSA" or "Act") to collect unpaid wages and overtime compensation. The claims pursuant to the FLSA are an "opt-in" collective action. In addition, Plaintiff asserts claims under the Pennsylvania Minimum Wage

Act and Pennsylvania Wage Collection Act to collect unpaid wages and unpaid overtime compensation. The claims pursuant to Pennsylvania statutes are class actions pursuant to Pa. R. Civ. Pro. 1701 as an "opt-out" action.

## PARTIES

4. Plaintiff, Michele Barvinchak, is an adult individual residing at P. O. Box 1194, Northern Cambria, Pennsylvania 15714.

5. The other Plaintiffs include, but are not necessarily limited to, all present and former employees of Defendant who, within three years prior to the filing of this Complaint, were employed in occupations such as that of the named Plaintiff, and other similarly situated employees in other occupations subject to the same policies, and who worked hours in excess of their scheduled and paid hours in many work weeks without receiving proper minimum wage and overtime compensation from Defendant.

6. Defendant, Indiana Regional Medical Center, is a Pennsylvania corporation doing business in Western Pennsylvania at P. O. Box 886, Hospital Road, Indiana, Pennsylvania 15701. Defendant is in the business of providing hospitalization and medical care to the community it serves in Western Pennsylvania.

7. At all relevant times, Defendant had employees engaged in interstate commerce whose work was closely related and directly essential to interstate commerce. Furthermore, Defendant had an annual gross volume of sales made in and/or business done in excess of $500,000 in each year during the period March 2002 to present. Defendant is an enterprise as defined in 29 U.S.C. § 203(r)(2)(A).

8. Therefore, Plaintiff and all other employees of Defendant similarly situated and

subject to the same policies are entitled to the protections of the Fair Labor Standards Act. Further, Plaintiffs were employed in the Commonwealth of Pennsylvania and, therefore, are entitled to the protections of the Pennsylvania Minimum Wage Act and Pennsylvania Wage Collection Law.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act.

10. This Court has jurisdiction over Defendant because it is a Pennsylvania corporation with a principal place of business located within Allegheny County and has pendant jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper in this judicial district pursuant because a substantial part of the events or omissions giving rise to the claims, occurred here.

## FACTS

12. Plaintiff Michele Barvinchak was employed by Defendant for a period of seven and one-half years, to perform functions as a Telephone Operator in Defendant's office at P.O. Box 886, Hospital Road, Indiana, Indiana County, Pennsylvania. Ms. Barvinchak was terminated from employment on November 17, 1005.

13. As a Telephone Operator, Ms. Barvinchak was responsible for answering telephone inquiries and contacts from physicians, patients and other parties and to respond appropriately pursuant to the needs of the caller. In addition, Ms. Barvinchak was responsible for keeping certain records related to the calls. During her entire period of employment by Defendant, Ms. Barvinchak was paid an hourly rate of pay.

14. During her period of employment by Defendant, Ms. Barvinchak in many work weeks worked in excess of her scheduled hours and in excess of forty hours a week. However, Defendant failed to accurately record all the hours worked by Ms. Barvinchak and failed to compensate Ms Barvinchak for all hours which she worked.

15. Furthermore, upon information and belief, Defendant did not make Ms. Barvinchak and similarly situated employees aware that they were supposed to accurately indicate their time worked on time records to reflect any hours in excess of their schedules, for which they had not previously given permission to record. Consequently, Defendant has deliberately failed to make, keep, and preserve true and accurate records of the daily and weekly hours, wages, and other conditions and practice of employment of Ms. Barvinchak and similarly situated employees.

16. Ms. Barvinchak's employment was terminated November 17, 2005.

17. This Action is a class action pursuant to 29 U.S.C. § 216(b) and Pa. R. Civ. Pro. § 1701 brought by Plaintiff on behalf of herself and others similarly situated and subject to the same policies and practices of Defendant.

**COUNT I**

**Fair Labor Standards Act Claim for violations of 29 U.S.C. §§ 207(a) and 215(a)(2)**

18. The allegations set forth in each and every preceding paragraph are incorporated herein by reference.

19. The similarly situated employees of Defendant on whose behalf this count is brought, include all present and former employees of Defendant who, within three years prior to the filing of this Complaint, were engaged in interstate commerce or in work closely related and

4

directly essential to interstate commerce, and/or who were employed in an "enterprise engaged in commerce or the production of goods for commerce", pursuant to 29 U.S.C. § 203(s)(1)(B), who were subject to the same policies as Ms. Barvinchak and who worked hours in excess of forty in many work weeks without being paid overtime compensation at a rate not less than one and one half times their regular rate of pay for hours worked in excess of forty.  Such employees include, but are not necessarily limited to, employees who were employed in Defendant's Registration/Centrex offices, and other similarly situated employees of Defendant.

20. During the time Ms. Barvinchak was employed by Defendant, she, and the similarly situated employees who were subject to the same policies, were engaged in commerce between the states and between Pennsylvania and other states by virtue of their employment activities.  Service by Plaintiff and similarly situated employees who were subject to the same policies, included service to firms and individuals engaged in interstate commerce or in the production of goods for interstate commerce.

21. During the time Defendant employed Plaintiff and the similarly situated employees subject to the same policies, Defendant had an annual gross volume of sales made or business done in an amount not less than $500,000.

22. Plaintiff and the similarly situated employees subject to the same policies were entitled to be paid overtime compensation for all hours they worked for Defendant in excess of forty hours per week at a rate not less than one and one half times the regular rate of pay at which they were employed.  In work weeks in which the hours worked by Plaintiff and the similarly situated employees subject to the same policies, contained uncompensated hours which in total exceeded forty in a work week, of which certain hours were below forty in a work week,

Plaintiff and the similarly situated employees subject to the same policies were entitled to be paid straight time at their regular rate of pay for uncompensated hours worked between their paid hours and forty hours per week.

23. Defendant only paid Plaintiff and the similarly situated employees subject to the same policies for all their hours worked including those less than forty and in excess of forty in a work week when the hours worked in addition to their scheduled hours were worked and recorded with the permission of the management of Defendant.

24. Defendant has violated 29 U.S.C. §§ 207(a) and 215(a)(2) by failing to pay Plaintiff and similarly situated employees subject to the same policies, compensation required by the Fair Labor Standards Act in work weeks in which the employees worked in excess of forty hours.

25. Defendant's violations of 29 U.S.C. §§ 207(a) and 215(a)(2) were willful and thus, a three year statute of limitations applies to the claims asserted therein.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and in favor of all other party Plaintiffs in the amount of Plaintiff's unpaid straight time compensation and unpaid overtime compensation, due pursuant to the FLSA, together with an additional equal amount as liquidated damages, costs, and reasonable attorneys fees.

## COUNT II

**Fair Labor Standards Act Claim for violation of 29 U.S.C. §§ 211( c) and 215(a)(5)**

26. The allegations set forth in each and every preceding paragraph are incorporated herein by reference.

27. The Fair Labor Standards Act requires Defendant to make, keep, and preserve

true and accurate records of the daily and weekly hours worked, wages and other conditions and practices of employment of employees pursuant to 29 U.S.C. § 211( c) and 29 C.F.R. § 516 et seq.

28. Defendant has violated 29 U.S.C. §§ 211( c) and 215(a)(5) by deliberately failing to make, keep, and preserve true and accurate records of the daily and weekly hours worked by, and wages paid to Plaintiff and other similarly situated employees of Defendant subject to the same policies.

29. Defendant's violations of 29 U.S.C. §§ 211( c) and 215(a)(5) were wilful and thus, a three year statute of limitations applies to the claims asserted herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and in favor of all other party Plaintiffs in the amount of Plaintiffs and all other party Plaintiffs unpaid straight time and overtime compensation for a period of three years prior to the filing of this Complaint, together with an additional equal amount as liquidated damages, interest, costs and reasonable attorneys fees.

## COUNT III

**Pennsylvania Minimum Wage Act Claim for violations of 43 P.S. § 333.104( c)**

30. The allegations set forth in each and every preceding paragraph are incorporated herein by reference.

31. Ms. Barvinchak was an employee of Defendant within the meaning of 43 P.S. § 333.103(h), while Defendant was Ms. Barvinchak's employer within the meaning of 43 P.S. § 333.103(g).

32. Ms. Barvinchak and all similarly situated employees of Defendant, were entitled

to be paid straight time and overtime compensation pursuant to 43 P.S. § 333.104( c) at straight time their regular rates of pay for all hours worked fewer than forty in a work week, and at not less than one and one half times their regular rate of pay for all hours worked in excess of forty hours in a work week.

33. Defendant violated 43 P.S. § 333.104( c) by not paying Ms. Barvinchak and all similarly situated employees of Defendant, any straight time or overtime compensation for unrecorded hours worked even though they worked hours in excess of their recorded and scheduled hours and many hours in excess of forty hours per week in many work week while employed by Defendant. Defendant's violations of 43 P.S. § 333.104( c) were willful.

WHEREFORE, Ms. Barvinchak respectfully requests that this Court enter judgment in her favor and in favor of all other party Plaintiffs in an amount equal to their collective unpaid straight time and overtime compensation together with costs, liquidated damages and reasonable attorneys fees.

## COUNT IV

**Pennsylvania Wage Collection Law Claim for violations of 43 P.S. § 260.3**

34. The allegations set forth in each and every preceding paragraph are incorporated herein by reference.

35. Ms. Barvinchak was an employee of Defendant within the meaning of 43 P.S. § 260.3 while the Medical Center was the employer of Ms. Barvinchak within the meaning of 43 P.S. § 260.2(a).

36. Ms. Barvinchak and all similarly situated employees of Defendant, were entitled to be paid compensation at their contractual hourly rates of pay for all hours they worked

8

pursuant to 43 P.S. § 260.3.

37. Defendant violated 43 P.S. § 260.3 by not paying Ms. Barvinchak and all similarly situated employees of Defendant, any compensation whatsoever for hours worked but not recorded in many work weeks while employed by Defendant.

38. The Medical Center required Ms. Barvinchak and all other similarly situated employees of the Medical Center to expend personal funds for business expenses of the Medical Center without reimbursing Ms. Barvinchak and other similarly situated employees of the Medical Center for such expenditure in violation of 43 P.S. 260.3.

39. Defendant's violations of 43 P.S. § 260.3 were wilful and the aforementioned unpaid wages were due no later than thirty days from the date of the regular payday designated in advance by Defendant of Ms. Barvinchak in which such earned wages were to be paid.

WHEREFORE, Ms. Barvinchak respectfully requests that this Court enter judgment in her favor and in favor of all other party Plaintiffs, in an amount equal to their collective unpaid compensation together with costs, liquid damages and reasonable attorneys fees.

Respectfully submitted,

s/John R. Linkosky
**John R. Linkosky, Esquire**
**Pa. I.D. No. 66011**

JOHN LINKOSKY & ASSOC.
715 Washington Avenue
Carnegie, PA 15106
412 278-1280

|  |  |
|---|---|
|  |  s/John Linkosky |
|  | **John Linkosky, Esquire** |
|  | **Pa. I.D. No. 46436** |
|  |  |
|  | JOHN LINKOSKY & ASSOC. |
|  | 715 Washington Avenue |
|  | Carnegie, PA 15106 |
|  | 412 278-1280 |
|  |  |
|  | Counsel for Plaintiff, |
| Dated:  3/22/06 | Michele Barvinchak |